UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS CALANDRILLO, | Civil Action No: |
| Plaintiff, | 17-cv-11853 (PGS)(TJB) |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL INC., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter first came before the Court on Defendant Valeant Pharmaceuticals International Inc.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant Federal Rule of Civil Procedure 12(b)(6). (ECF No.14). Upon reviewing the Amended Complaint, the Court directed the parties to submit supplemental briefing on the question of "whether or not the Court has subject matter jurisdiction." (ECF No. 16). Plaintiff now seeks dismissal of his own Complaint based on lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1). (ECF No. 14). For the reasons discussed herein, Plaintiff's motion is granted and Defendant's motion to dismiss is denied as moot.

### BACKGROUND

The Court limits its discussion to the pertinent jurisdictional facts. This case arises from a contractual dispute between Plaintiff Nicholas Calandrillo and Defendant Valeant Pharmaceuticals International Inc. (hereinafter, "Valeant"). Plaintiff is a New Jersey resident and the successor in interest to Metaphor Inc., a now-dissolved New Jersey corporation wholly owned by Plaintiff. (Amended Complaint at ¶¶ 1-2). Metaphor was a pharmaceutical advertising, public relations, and

1

marketing firm. (*Id.* at ¶ 2). Defendant Valeant is a Canadian corporation with "its U.S. headquarters" in New Jersey. (*Id.* at ¶ 3).

According to the Complaint, in 2010 Metaphor performed over $400,000 in services for Graceway Pharmaceuticals, which subsequently filed for bankruptcy on September 21, 2011. (*Id.* at ¶¶ 8-11). Thereafter, Defendant acquired Graceway's assets at a bankruptcy auction and later contacted Plaintiff about providing services for its brands and "becom[ing] [its] agency of record." (*Id.* at ¶ 21). According to Plaintiff, Defendant promised him that he would be "made whole" for the $400,000 lost in the Graceway bankruptcy and would designate Metaphor as its Agency of Record. (*Id.* at ¶¶ 24-25). In addition, Defendant offered Plaintiff a $400,000 first year self-renewing retainer. (*Id.* at ¶ 25). Despite these purported assurances, Plaintiff claims that Defendant only paid him approximately $27,000 for work. (*Id.* at ¶ 37). As such, Plaintiff brings this three count complaint for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) unjust enrichment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), a party may move to dismiss a claim for lack of jurisdiction over the subject matter at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing Fed. R. Civ. P. 12(b)(1)). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the party's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007) (citing *Cardio-Medic. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir.

1983)). "One basis of original jurisdiction is diversity jurisdiction or jurisdiction over civil actions between 'citizens of different States' where 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (quoting 28 U.S.C. § 1332(a)).

## DISCUSSION

Presently, the Court is tasked with determining, for diversity purposes, whether Valeant is considered a New Jersey citizen. Plaintiff contends that Valeant's principal place of business is in New Jersey and, as such, the Court lacks subject matter jurisdiction. Defendant responds, contending that Valeant's "nerve center" is in Canada, thereby creating diversity jurisdiction; alternatively, Defendant argues the Court should retain supplemental jurisdiction. The Court disagrees.

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of every state that it is incorporated in *and* "where it has its principal place of business." "Allegations of complete diversity must be apparent from the pleadings." *Royal Ins. Co. of Am. v. Caleb*, 929 F. Supp. 606, 608 (D. Conn. 1996). As such, pursuant 28 U.S.C. § 1332(c)(1), "a complaint must allege both the state of incorporation and the principal place of business of any corporation." *Id.*

Here, the Complaint fails to adequately plead Valeant's principal place of business. It alleges, "[Valeant's] U.S. headquarters" are in New Jersey. (Amended Complaint at ¶ 3). Defendants respond, arguing that, under *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010), Valeant's principal place of business is in Canada, since that is the place where its "nerve center" is located. However, there are no factual allegations presented to support this assertion either. As such, since the Court is unable to determine whether complete diversity does in fact exist, the Court will grant Plaintiff's Motion to Dismiss without prejudice, providing him an opportunity to cure these

3

deficiencies. *See Royal Ins.*, 929 F. Supp. at 608 (dismissing complaint without prejudice where the court was "unable to divine from the record whether jurisdiction was merely improperly alleged or whether complete diversity does not in fact exist"); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 911-12 (W.D. Mich. 2009) (ordering the defendant to provide supplemental evidence supporting removal jurisdiction where the court was not confident that diversity jurisdiction existed).

Defendant's alternative argument, seeking for the court to exercise supplemental jurisdiction, is without merit. "Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005). Here, the Court lacks original jurisdiction over this matter, since the Complaint presents no federal question and complete diversity is lacking; as such, there is no basis for the Court to exercise supplemental jurisdiction.

## CONCLUSION

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __10__ day of __July__, 2018,

ORDERED that Plaintiff's Motion to Dismiss (ECF No. 17) is GRANTED without prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.